JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-04044-RGK-JC | Date | July 26, 2021 |
|---|---|---|---|
| Title | *RYAN MILLER v. WESTOIL MARINE SERVICES, INC., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (not present) | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**        **(IN CHAMBERS) Order Remanding Action to State Court**

On April 8, 2021, Ryan Miller ("Plaintiff") filed a complaint against Westoil Marine Services, Inc. ("Defendant") alleging common law and statutory claims based on violations of laws prohibiting discrimination, retaliation, and meal and rest break violations.

On May 15, 2021, Defendant removed the action to this Court alleging jurisdiction on the grounds of both diversity of citizenship and federal question. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Defendant argues that because Plaintiff is a union member and subject to a collective bargaining agreement ("CBA"), Plaintiff's state law claims are preempted by Section 301 of the LMRA. However, upon review of the Complaint and Defendant's Notice of Removal, there are no facts or allegations indicating that Plaintiff's claims involve rights that are either (1) granted solely based on the CBA, or (2) substantially dependent on a CBA. Rather, the stated claims involve rights conferred by California law that are independent of any CBA, and there is no adequate showing that such rights are substantially dependent on a CBA such that resolution of the claims require interpretation of the CBA.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-04044-RGK-JC | Date | July 26, 2021 |
|---|---|---|---|
| Title | *RYAN MILLER v. WESTOIL MARINE SERVICES, INC., et al* | | |

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____